

**FILED & ENTERED**

**JUN 01 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:16-bk-15118-RK |
| ASHLEY PAULINE HOPKINS, | Chapter 7 |
| Debtor. | **ORDER GRANTING IN PART AND DENYING IN PART "DEBTOR'S MOTION FOR REMOVAL OF: (1) NOTICE OF DEBTOR'S PRIOR FILINGS, AND (2) NOTICE OF NON-ENTITLEMENT TO DISCHARGE"** |
| | Hearing:<br>Date:    June 7, 2016<br>Time:    2:30 p.m.<br>Place:   Courtroom 1675<br>              255 East Temple Street<br>              Los Angeles, CA 90012 |

  Pending before the court is Debtor Ashley Pauline Hopkins' ("Debtor") "Motion for Removal of: (1) Notice of Debtor's Prior Filings, and (2) Notice of Non-Entitlement to Discharge" ("Motion"). ECF 13. The Motion was noticed for hearing on June 7, 2016 at 2:30 p.m. with electronic service on the Chapter 7 Trustee and the United States Trustee. Having considered the Motion and the Declaration of Debtor and attached exhibits in support thereof, and the lack of opposition thereto, the court determines that oral argument

is unnecessary, dispenses with further argument, vacates the hearing on the Motion on June 7, 2016 and takes the Motion under submission and rules as follows.

By the Motion, Debtor requests that the court direct the clerk of the court to "remove" two docket entries on the bankruptcy case docket maintained by the clerk pursuant to Federal Rule of Bankruptcy Procedure 5003(a), which entries were entered on April 21, 2016, which were: (1) Notice of non-entitlement to discharge pursuant to 11 U.S.C. Section 727(a)(8) or (9) (ECF 7); and (2) Notice of Debtor's Prior Filings (no Docket number is designated on the Docket for this entry). The court determines that Debtor has satisfactorily shown in her Motion and supporting Declaration and exhibits (including case docket information from the other bankruptcy cases showing that the prior cases listed were not hers) cause to vacate these "Notices" as erroneous since this evidence shows that she did not commence the prior bankruptcy cases and that the docket entries are erroneous. *See,* 11 U.S.C. § 107; Federal Rule of Bankruptcy Procedure 9018. Specifically, Debtor's evidence has shown that the clerical errors on the docket of this bankruptcy case were apparently made by the clerk of court based on erroneous information placed by Debtor in her bankruptcy petition which mistakenly noted the Employer Identification Numbers of two prior employers as her own, which caused the clerk of the court to link her pending bankruptcy case to a number of other bankruptcy cases that were not commenced by her and to issue the erroneous "Notices" stating that she was ineligible for a discharge based on prior bankruptcy cases.

However, in granting Debtor's motion in part, the court does not order that the erroneous docket entries be "removed", but rather the court orders that these docket entries be vacated as erroneous to reflect that the actions of the court in correcting the case docket to vacate the "Notices" of prior bankruptcy cases and of ineligibility for discharge are reflected in the public records of the court. This action to vacate as opposed to remove would correct the erroneous information on the case docket and would be also in accordance with the general right of the public for access to judicial records, including case dockets, as recognized under 11 U.S.C. § 107.

Accordingly, IT IS HEREBY ORDERED that:

1. Debtor's Motion is GRANTED IN PART AND DENIED IN PART as follows.

2. The court VACATES the following docket entries entered in this bankruptcy case on April 21, 2016, which were: (1) the Notice of non-entitlement to discharge pursuant to 11 U.S.C. Section 727(a)(8) or (9) (ECF 7); and (2) the Notice of Debtor's Prior Filings (no Docket number is designated on the Docket for this entry).

3. The clerk of the court is authorized and directed to take the appropriate action to vacate: (1) the Notice of non-entitlement to discharge pursuant to 11 U.S.C. Section 727(a)(8) or (9) (ECF 7); and (2) the Notice of Debtor's Prior Filings (no Docket number is designated on the Docket for this entry) and to otherwise reflect on the case docket that these docket entries are vacated as erroneous.

4. The hearing on June 7, 2016 is vacated, and no appearances are required at the June 7, 2016 hearing.

5. The Motion is otherwise denied.

IT IS SO ORDERED.

###

Date: June 1, 2016

Robert Kwan
United States Bankruptcy Judge